**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

UNITED STATES OF AMERICA

vs.    Case No.:   5:03cr33/MCR and
                   5:09cv135/MCR/MD

DAVID E. MARTINELLI

_____/

## **O R D E R**

      This matter is before the court on the interlocutory appeal of the magistrate judge's order denying defendant's motion to disqualify Assistant United States Attorney Dixie Morrow from further representation of the government in this matter. (See doc. 369). Defendant alleges the magistrate judge exceeded his authority under 28 § 636(b) by ruling on the motion rather than submitting a report and recommendation to the undersigned district judge for a dispositive ruling. Additionally, defendant contests entry of the "boiler-plate" order without setting forth any findings of fact or conclusions of law in support of the decision, and without a response from the government.

      Pursuant to Rule 72 of the Federal Rules of Civil Procedure, magistrate judges have authority to decide nondispositive issues, which decisions should, when appropriate, be memorialized in a written order.[1] Numerous courts have held, and this court agrees, that a motion to disqualify counsel is a nondispositive issue. *See e.g., Vecc, Inc. v. Bank of Nova Scotia*, 222 F.Supp.2d 717 (D.Virgin Islands 2002); *Mruz v. Caring, Inc.*, 166 F.Supp.2d 61 (D.N.J. 2001); *Howe Investment, Ltd. v. Perez Y Cia. De Puerto Rico, Inc.*, 96 F.Supp. 106 (D. Puerto Rico 2000); *Estate of Jones ex rel. Gay v. Beverly Health and*

---

[1] Furthermore, the local rules of this court specifically provide that cases seeking post-trial or post-conviction relief shall be referred by the clerk to a magistrate judge for all proceedings, including preliminary orders, ... . *See* N.D. Fla. Loc. R. 72.2(B).

*Rehabilitation Services, Inc.*, 68 F.Supp.2d 1304 (N.D.Fla. 1999); *Gray v. Rhode Island Dept. Of Children, Youth and Families*, 937 F.Supp. 153 (D.R.I. 1996).

    The court finds that under the circumstances presented the magistrate judge's order denying defendant's motion to disqualify government counsel did not require findings of fact and conclusions of law. The undersigned has conducted a *de novo* review of the matter and agrees with the magistrate judge's ruling, which is now AFFIRMED. The clerk shall refer this matter to the magistrate judge for further proceedings.

    **SO ORDERED** this 9th day of July, 2009.

    *s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No.: 5:03cr33/MCR / Case No.: 5:09cv135/MCR/MD